UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-300-SRW |
| ) | |
| RITE AID – CULVER CITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the response of self-represented Plaintiff Cedric Greene to the Court's Order issued March 12, 2025. ECF No. 4. In that Order, the Court directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response does not adequately provide any basis for federal question or diversity jurisdiction over this matter. As such, for the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. The Court also finds that Plaintiff's response also fails to show that venue is proper in the Eastern District of Missouri.

**The Complaint**

Plaintiff is a self-represented litigant who filed the instant civil action against Defendant "Rite Aid – Culver City." ECF No. 1. Plaintiff indicated his mailing address to be within Los Angeles, California, and Defendant's mailing address to be within Culver City, California. *Id.* at 2. Plaintiff asserted this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because he "doesn't consider himself to be a citizen of the state where the cause occurred." *Id.* at 3. In the section to indicate the state of his citizenship, Plaintiff wrote, "Presented Question." *Id.*

1

He claimed that Rite Aid has its principal place of business in California and is incorporated under the laws of the Pennsylvania. *Id.* at 4. He sought damages in the amount of $70,000.

Plaintiff's statement of claim consisted of two paragraphs. *Id.* at 5-6. In the first paragraph, Plaintiff asked this Court to hear his complaint because the 7th Circuit banned him from filing cases. The second paragraph explained that an altercation occurred in California between him and Rite Aid staff when they allegedly issued him the wrong medication, which led to his arrest. Plaintiff claimed he should not have been arrested because he "didn't do anything in the Rite Aid store that rose to the level of a criminal offense, nor did [he] go into their store with the intent to cause danger." *Id.* at 6.

On March 12, 2025, the Court reviewed Plaintiff's complaint and determined he had not carried his burden of establishing subject matter jurisdiction. As to federal question jurisdiction, Plaintiff did not assert any issues arising under the Constitution, laws, or treaties of the United States. As to diversity jurisdiction, Plaintiff did not show that the amount in controversy exceeded the jurisdictional threshold, nor did he establish diversity between the parties. Plaintiff provided a California address for both himself and Defendant Rite Aid and, in the section of the form complaint for demonstrating the citizenship of the parties, Plaintiff purposefully did not indicate the state in which he was a citizen. Additionally, the Court noted that venue appeared to be improper because Plaintiff did not claim that any of the parties resided in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred in the Eastern District. Thus, the Court issued a show cause order regarding subject matter jurisdiction and venue.

2

**Plaintiff's Response to the Order to Show Cause**

On March 22, 2025, Plaintiff filed a Response to the Order to Show Cause. ECF No. 4. As to federal question jurisdiction, Plaintiff describes this action as a "civil tort," stating that this "case could proceed in state court in Missouri as a tort for outrageous conduct." *Id.* at 2-3. He does not cite to a federal statute or provision of the United States Constitution. As to diversity jurisdiction, Plaintiff argues he should not be considered a citizen of California because he "doesn't see himself as a citizen in a state system that doesn't respect anything about him." *Id.* at 3. In addressing the Court's concern for improper venue, Plaintiff asserts that the Eastern District of Missouri should permit this case to move forward because "California's Central District" imposed "unreasonable filing restrictions" and improperly described him to be a "vexatious litigant." *Id.* at 4.

**Discussion**

The Court has carefully reviewed the instant complaint and determined Plaintiff has not carried his burden of establishing subject matter jurisdiction. Additionally, venue is improper. As such, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders* v. *Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. In the Show Cause response, Plaintiff describes this action as a "civil tort" that could proceed in state court. Plaintiff not only fails to cite any federal authority or allege facts essential to show jurisdiction, but the Court cannot discern a federal claim against Defendant that would allow him to proceed in federal court under 28 U.S.C. § 1331 as the instant action does not arise under the Constitution, laws, or treaties of the United States.

Therefore, the Court may only hear this case if diversity jurisdiction exists. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Here, Plaintiff and Defendant are clearly citizens of California. Plaintiff cannot simply declare himself to be a citizen of Missouri or some other state for the purposes of diversity. To be a citizen of Missouri, a Missouri resident must intend to stay in Missouri. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Citizenship requires an intent to make a place home. *Id.* In other words, for purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). Plaintiff has simply not met this burden.

Lastly, Plaintiff has failed to show that venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

4

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Plaintiff does not claim that any of the parties reside in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his claims occurred here.

28 U.S.C. § 1406 allows this Court to dismiss or transfer a case filed in the wrong district. However, it does not appear to be in the interest of justice to transfer this case to California where this action should have been brought because Plaintiff must first comply with the filing restrictions in the California federal courts. *See e.g.*, *Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.).[1]

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of March, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).